**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **SERENO O. ENRIQUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )        **2:22CV76-PPS** |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Sereno Enriquez was born on July 25, 2001. He graduated from high school with the assistance of Special Education services primarily under the category of Autism Spectrum Disorder. [AR 301.][1] His Individualized Education Program file and several psychological evaluations reflect reports of anxiety, fidgetiness, irritability, panic attacks, mood swings, outbursts, and difficulty with conversations and relationships. [AR 28, 291.] Contrary indications abound in the administrative record, such as reports both that Enriquez did not participate in class and would shut down when he became frustrated, but elsewhere that he was social, participatory, cordial and easy to engage. [AR 27, 249, 275, 298.] Education accommodations afforded to Enriquez included help from an in-class paraprofessional, being provided with additional breaks, being given

---

[1] The ALJ's decision reports that Enriquez's highest level of education is 11th Grade [AR 25], but goes on to explain that he is actually a high school graduate taking online college courses [AR 26, 28, 48], with the assistance of his mother [AR 51, 52]. The administrative record [AR] is found in the court record at docket entry 11, and consists of 641 pages. I will cite to its pages as "AR #", using the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

extra time for classwork and having directions read aloud.  [AR 252, 275.]  Enriquez has never held a paying job.  [AR 49.]

Enriquez applied for supplemental security income on September 17, 2019, at age 18, claiming disability since March 19, 2011 (age 9).  [AR 21, 162.]   An administrative law judge (ALJ) found that Enriquez had severe impairments of Autism Spectrum Disorder, anxiety and depression, but that he has the residual functional capacity to perform a full range of work with certain non-exertional limitations, including occupations such as a dryer attendant, a cleaner II, or a kitchen helper.  [Tr. 23, 25, 31.]  As a result, Enriquez was found not to be disabled within the meaning of §1614(a)(3)(A) of the Social Security Act. [AR 31.] Enriquez appeals the decision denying his application for supplemental security income. Because I find that the ALJ's decision does not adequately support the disability determination, the decision will be reversed and remanded for further consideration.

## Standard of Review

The standards that govern my decision do not permit a re-evaluation of whether Enriquez is disabled. I may not "replace the ALJ's judgment with [my] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Rather, I must only determine whether the ALJ applied the correct legal standards and whether his decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue*,

688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010);

*Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).

This review of the ALJ decision is deferential, as the "substantial evidence"

standard is not particularly demanding. The Supreme Court announced long ago that

the "substantial evidence" standard requires even less than the preponderance-of-the-

evidence standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). There must, of course,

be more than a "scintilla" of evidence. *Id*. Nor may a court "simply rubberstamp the

Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227

F.3d 863, 869 (7th Cir. 2000). In any case, the review is a relatively light one and the

substantial evidence standard is met "if a reasonable person would accept it as

adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir.

2004).

### Discussion

Enriquez sets forth three arguments in support of remand: (1) the ALJ failed to

provide sufficient reasons for discounting the opinion of Dr. Huls, an examining

psychologist, in part because the ALJ "fail[ed] to evaluate the consistency factor set

forth in 20 C.F.R. § 404.1520c"; (2) the ALJ "committed reversible error in assessing

Enriquez's off-task time and need for redirection in the workplace"; and (3) the ALJ

committed reversible error "in assessing Mr. Enriquez's activities of daily living,

aggravating factors, statements made by the State Agency reviewing psychologists, and

the third-party testimony of his mother." [DE 12 at 10.]   I begin with Enriquez's second

argument, which requires remand, and close with additional observations for the Commissioner's consideration on further review.

### The ALJ Failed to Account for the Need for Daily Redirection

Enriquez challenges the ALJ's conclusion that Enriquez was able to perform work with normal breaks and only 5% of time spent off-task. [AR 25; DE 12 at 17.] In particular, he claims the ALJ never identified any evidence supporting this conclusion. *Id.* Enriquez further argues that, even more problematic, the ALJ failed to add into his RFC (or otherwise address) the limitation that he posed to the vocational expert in his second hypothetical: that the "person would require daily redirection by a supervisor." [AR 68.] According to the VE, such a limitation would preclude competitive employment. [*Id.*] In response to a question from Enriquez's counsel, the VE also stated that an individual who was off task more than ten percent of the workday would need to find employment in a sheltered work environment (i.e. outside of the competitive workforce). [DE 12 at 18; AR 69.]

Presumably, when an ALJ asks a hypothetical question, the basis of the hypothetical is supported by the record. Otherwise, what would be the point of asking the question? It is for this reason that courts have found it unacceptable when an ALJ elicits testimony from the vocational expert that certain conditions would prevent employment without then discussing why those hypothetical conditions do not apply. *See Morton v. Berryhill*, No. 16 C 11137, 2018 WL 264200, at * (N.D. Ill. Jan. 2, 2018) ("[T]he ALJ failed to explain for why (*sic*) she relied solely on the VE's response to her

4

first hypothetical. The Court finds this troubling considering the VE's testimony that there would be no competitive employment available for an individual with Plaintiff's RFC who 'required re-demonstration of work tasks up to twice daily after the initial learning period' or 'occasionally required redirection back to task because they're falling off task.'");  *Hampton-Lewis v. Berryhill*, No. 2:17-cv-291, 2018 WL 6242463, at *7 (N.D.Ind. Nov. 29, 2018) (remand required where ALJ failed to discuss a limitation posed to the VE that would preclude employment);  *Sayles v. Barnhart*, No. 00 C 7200, 2001 WL 1568850, at *9 (N.D. Ill. Dec. 6, 2001) ("The fundamental problem with the ALJ's determination is that...she addressed the VE's opinion in response to only one of the hypotheticals – the first one -- and disregarded the others...We believe that this general rule [that the ALJ must consider all relevant evidence] has special force in cases where the ALJ solicits the testimony and opinions of a vocational expert at Step 5, but then proceeds to disregard this testimony without explanation.").

A claimant's residual functional capacity (or RFC), is defined as "the most you can still do despite your limitations."  C.F.R. §416.945(a)(1).   The Seventh Circuit has emphasized that the hypothetical posed to the vocational expert, like the RFC assessment itself, must incorporate all limitations supported by the claimant's medical record.  *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).  *Crump* is another case in which the ALJ posed a limitation that the VE found precluded employment, but the ALJ "failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of" the limitation in question.  *Id*. at 570.  The "resulting

5

RFC formulation does not hold up," and the Commissioner's decision had to be reversed and remanded.  *Id*. at 571.

Similarly, the ALJ's decision in this case does not discuss the second hypothetical question he posed to the ALJ. Without any explanation of the ALJ's reasons for asking the question and ignoring the VE's answer, I am unable to trace the path of the ALJ's reasoning and there is no "logical bridge" between the evidence and the ALJ's conclusions about Enriquez's RFC and disability.  Remand is therefore required.  *Decker v. Kijakazi*, No. 1:20-CV-380-JPK, 2022 WL 897421, at *6 (N.D.Ind. March 28, 2022) ("Particularly given the VE's clear testimony that the need for a job coach was likely to preclude competitive employment, this error requires remand.").

### Time Off-Task

Although on their own, other concerns about the ALJ's analysis might not warrant a remand for further consideration, I offer some additional comments.  The ALJ quantified Enriquez's "off-task" time as up to 5% of the ordinary work day.  The VE testified that off-task time of 10% would not be tolerated in competitive employment. [AR 69.]  The relatively small differential between 5% and 10% is therefore critical to the finding whether or not Enriquez is disabled.  But the ALJ offers no explanation why he fixed the number at 5%.

### Dr. Huls' Report

Clinical psychologist Kathryn Huls conducted a thorough assessment of Enriquez on October 26, 2020 and December 10, 2020, producing a comprehensive five-

6

page report addressing Enriquez's background, medical history, education, interview
behavior and responses, and a range of testing.  [AR 430-34.]  Huls concluded that
Enriquez's depression and anxiety continue to be "significant concerns," that his
"psychiatric conditions as well as his autism spectrum disorder are impacting his
adaptive functioning to a significant degree," that "his ability to communicate, engage
in social activities and complete practical activities are significantly impaired," and that
he has "[m]ultiple areas of impaired executive functioning."  [AR 434.]  The ALJ found
Dr. Huls's opinion "not persuasive," because Enriquez's "educational records paint a
different story" and "during therapy, he began to open up and therefore, was not as
significantly impaired as opined."  [AR 28.]  No citation to the record is given to
support the statement about Enriquez's educational records.  [*Id.*]

    The ALJ based his rejection of Huls's opinion on three monthly reports of Erin
Bell, a behavior therapist who saw Enriquez in October, November and December 2020.
[*Id.*]  To support his observation about improvements in therapy, the ALJ cites to Bell's
remarks that: (1) in October "data" showed a decrease in verbal outbursts and "no
incidence of social withdrawal" (although possibly due to COVID social distancing)
[AR 497]; (2)  a "positive event" occurred in November, namely Enriquez "was able to
reach out to his former classmate via social media about their brother and offer his
condolences" and was able to express his emotions in therapy sessions [AR 503]; and (3)
in December, Enriquez's anxiety increased but this may have reflected missed
medication [AR 509]. This is slim evidence on which to reject Dr. Huls's detailed testing,

examination and opinion.  Each of Bell's three monthly reports also contains other indications of functional difficulties: continued anxiety about social situations, continued difficulty initiating conversations, and difficulty using coping skills. [AR 497, 503, 509.]

The Commissioner's assessment of medical opinion evidence is governed by 20 C.F.R. §416.920c(a), which does not require the ALJ to "defer or give any specific evidentiary weight" to any medical opinion.  Instead the ALJ must consider the following factors to determine how much weight to afford a medical opinion:  (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) any other factors that tend to support or contradict the medical opinion. §416.920c(c)(1)-(5).  After considering all these factors, the ALJ's written rationale is required to address only the factors of supportability and consistency.  §416.920c(b).  I must affirm the ALJ's determination of the relative weight of different medical opinions if it is supported by substantial evidence.  *Karr v. Saul*, 989 F.3dd 508, 511 (7th Cir. 2021).

Does the ALJ's explanation of his rejection of Huls's opinions pass muster, even on the deferential standard that applies?  "ALJs are not doctors. As such, they are unqualified to interpret complex medical records or to opine as to how an impairment would limit a claimant's ability to function. Instead, they must weigh the opinions submitted by medical experts in crafting a reasonable RFC."  *Baptist v. Kijakazi*, 74 F.4th 437, 445 (7th Cir. 2023).  If the regulatory factors are considered, I must defer to the ALJ's assessment so long as he has "minimally articulated his reasons."  *Crowell v.*

*Kijakazi*, 72 F.4th 810, 816 (7ᵗʰ Cir. 2023.  I do not reverse on the basis of the ALJ's rejection of Dr. Huls's opinions, but merely note that his articulated reasons for doing so were minimal indeed.

### Reflection of Moderate Limitations in the RFC

Accepting the opinions of state agency psychological consultants, the ALJ found that Enriquez had a number of "moderate" limitations, in the three functional areas of understanding, remembering and applying information; interacting with others; and concentrating, persisting and maintaining pace.  [AR 29.]  The ALJ's decision reflects some internal contradiction about whether Enriquez is mildly or moderately limited in the fourth area of adapting or managing himself, saying one thing on page 9 of 11, and the other on page 10 of 11.  [AR 29, 30.][2]  Each area of limitation is discussed in a separate paragraph, with each consisting almost entirely of the ALJ's recitation of Enriquez's *abilities*, as opposed to his difficulties.  [AR 29-30.]

Based on those findings, it's difficult to discern why the ALJ found even moderate limitations.  And despite having found moderate limitations in each of the four areas of function, the ALJ assesses Enriquez as having the RFC to perform a full range of work subject to "several non-exertional limitations" that are expressed (again) as abilities rather than limitations (with the sole exception of not performing work that requires direct interaction with the public).  [AR 25.]  The overall impression is of a

---

[2] In the latter passage, the decision also contains some gender confusion about whether Enriquez is a "he" or a "she."  [AR 30.]  These sorts of errors, including one I noted earlier about Enriquez's completion of high school, certainly do not build confidence in the accuracy of the ALJ's analysis.

decision that acknowledges Enriquez's limitations in the abstract but not as applied to the actual performance of gainful employment, producing a rationale that does not offer a fully lucid explanation of the ALJ's analysis or disability conclusion.

## Conclusion

The ALJ adduced vocational expert testimony indicating that a particular limitation would preclude competitive employment, but failed to address the matter in his written decision.  As a result, I find that the ALJ's decision denying Enriquez benefits does not build a logical bridge between the evidence and his conclusions, even applying the deferential standard applicable to judicial review.  *Crowell v. Kijakazi*, 72 F.4th 810, 815 (7th Cir. 2023).

ACCORDINGLY:

For the reasons set forth above, the Commissioner of Social Security's final decision denying supplemental social security benefits to Sereno O. Enriquez is REVERSED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this Opinion and Order.

ENTERED:  September 18, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT